UNITED STATES DISTRICT
COURT NORTHERN DISTRICT
OF OHIO EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 1:14-CR-00101 |
| *Plaintiff*, ) | |
| ) | Judge John R. Adams |
| *v.* ) | |
| ) | |
| RENEE BROOKS, ) | |
| ) | **ORDER AND DECISION** |
| *Defendant.* ) | |
| ) | |

This matter appears before the Court on Defendant's motion to grant her release pending appeal. For the following reasons, the motion is DENIED.

On June 17, 2014, Defendant Renee Brooks pleaded guilty to one count of theft of government funds in violation of 18 U.S.C. §641. The Court later sentenced the Defendant to 37 months of incarceration, three years of supervised release, and restitution in the amount of $92,081.53. Doc. 21. Defendant filed a Notice of Appeal and now asks this Court to authorize her to be on release pending a final decision on appeal. Doc.22 and 26.

A request for release pending appeal is governed by 18 U.S.C. §1343(b)(1), which provides:

> **(b) Release or detention pending appeal by the defendant.--(1)** …[T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--

1

> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title….

The statute creates a presumption against release pending appeal. *United States v. Scherer*, No. 04-3560, 101 Fed. App'x 1002, 1003 (6th Cir. 2004) (citing *United States v. Vance*, 851 F.2d 166, 168-69 (6th Cir.), *cert. denied*, 488 U.S. 893 (1988)).

Applying these statutory factors, Defendant argues that she is not a flight risk due to her ongoing health problems, her need to be a caregiver for her husband, and her ties to family and the community in the local area.

Defendant next argues that she will advance a substantial question of law or fact because the criminal-history calculation used by the Court for sentencing "'substantially over-represents…the likelihood that the defendant will commit other crimes.'" Doc. 26 (citing U.S.S.G. §4A1.3(b)(1)). Specifically, Defendant states that "the majority of points used to calculate Mrs. Brooks's criminal history originate from activity that occurred over twenty years ago, and thus do not provide good reason to anticipate prospective wrongdoing." Doc. 26 at 4.

This assertion is erroneous.

More importantly, before examining Defendant's extensive criminal history, the Court first notes that the Sixth Circuit Court of Appeals will "not review decisions of a district court not to depart downward 'unless the record reflects that the district court was not aware of or did

2

not understand its discretion to make such a departure.'" *United States v. Puckett*, 422 F.3d 340, 345 (6th Cir. 2005) (quoting *United States v. Stewart*, 306 F.3d 295, 329 (6th Cir. 2002)). In this case, on the day of sentencing, Defendant's attorney acknowledged, on two separate occasions, that the Court accurately calculated the sentence according to the Guidelines. The Court then recognized that Defendant was seeking a downward departure and that the Court has discretion to do so. However, the Court reviewed Defendant's detailed, criminal history for theft and fraud spanning nearly 30 years. Given this extensive criminal past, the Court specifically refused to exercise its discretion to grant the departure.

As such, the Court's refusal to grant a downward departure will not likely be reviewed by the Sixth Circuit as a matter of law. Therefore, Defendant's appeal will not result in a reversal, new trial, a sentence that does not include imprisonment, or a reduced sentence. Defendant cannot meet the requirements of release pending appeal under 18 U.S.C. §1343(b)(1), and her motion is DENIED.

Even if the Sixth Circuit were to review the Defendant's appeal, the appeal is still unlikely to result in any required outcome under the statute. Defendant has an extensive criminal history stemming back to 1985, involving theft, passing bad checks, and fraud offenses (for a total of 23 points under the Guidelines). Doc. 18. Narrowing this extensive history to the last 14 years, Defendant has convictions for:

1) (Jan. 25, 2000)   Passing Bad Checks, M1
    - **Resulting in 1 point under the Guidelines**

2) (Oct. 18, 2002)   Insurance Fraud, F5
                     Theft, F5
    - **Resulting in 3 points under the Guidelines**

3) (June 4, 2003)    Theft, M1
    - **Resulting in 1 point under the Guidelines**

4) (Dec. 14, 2004)   Passing Bad Checks, M1

- **Resulting in 1 point under the Guidelines**

5) (May 18, 2006)   Obstructing Official Business, M2
     - **Resulting in 1 point under the Guidelines**

6) (July 28, 2007)   Passing Bad Checks, F5 (two counts)
     - **Resulting in 2 points under the Guidelines**

Looking at the last 14 years alone, Defendant has nine points under the Sentencing Guidelines for past criminal convictions. Given this extensive history, even if the Sixth Circuit were to review the Court's refusal to depart downward, Defendant cannot present a substantial question of law or fact that will likely result in reversal, a new trial, a sentence that does not include imprisonment or a reduced sentence. 18 U.S.C. §1343(b)(1)(B). As such, Defendant is not entitled to release while pending appeal.

Section 1343(b)(1) requires both steps to be satisfied. As described above, Defendant cannot satisfy the second prong of the analysis under 18 U.S.C. §1343(b)(1)(B). Therefore, any further analysis of whether Defendant is likely to flee or pose a danger to the community would be moot.

Defendant's motion for release pending appeal is hereby DENIED.

IT IS SO ORDERED.

Dated: 10/22/2014                                             */s/John R. Adams*
                                                              **JOHN R. ADAMS**
                                                              **UNITED STATES DISTRICT JUDGE**