UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RENEE BROOKS,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO.   1:14-cr-00101-JRA<br><br>JUDGE JOHN R. ADAMS<br><br><br>**MEMORANDUM OF OPINION AND ORDER**<br>(Resolves Docs. 47, 50, and 56) |

The instant matter is before the Court upon Petitioner Renee Brooks' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Doc. 47. Petitioner later filed a Brief in Support of her Motion to Vacate where she sets forth certain case citations she believes relevant to her motion. Doc. 51. Respondent United States of America filed a motion to dismiss Petitioner's motion to vacate her sentence. For the following reasons, the Court DENIES Respondent's motion to dismiss and also DENIES Petitioner's motion to vacate on the merits.

I. **Factual and procedural background**

On June 17, 2014, Petitioner, who was represented by counsel, pled guilty to theft of government property exceeding $1,000, which belonged to the Social Security Administration by fraudulently claiming Social Security benefits. She was sentenced to 37 months' imprisonment on September 24, 2014. Petitioner filed an appeal of her sentence alleging substantive unreasonableness of her sentence. On April 7, 2015, the Sixth Circuit Court of Appeals affirmed Petitioner's sentence.

On July 18, 2016, Petitioner filed a § 2255 motion to vacate her sentence because she claims she was denied due process and other constitutional rights throughout her case before this Court. She raises 28 grounds for relief, some of which are duplicative or overlapping. Respondent

1

filed a motion to dismiss Petitioner's motion for being untimely. The Petitioner responded. Both motions are now ripe for decision.

**II.     Standard of Review**

Under 28 U.S.C. § 2255, a federal inmate is provided with a means of collaterally attacking her conviction or sentence. *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Motions brought under § 2255 are the sole means by which a federal prisoner can collaterally attack a conviction or sentence that she alleges to be in violation of federal law. *See Davis v. United States*, 417 U.S. 333 (1974); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979).

A petitioner seeking to vacate, set aside or correct a sentence under § 2255 "has the burden of sustaining his contentions by a preponderance of the evidence." *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). In order to prevail on a § 2255 motion alleging constitutional error, the petitioner must establish that an error of constitutional magnitude occurred that had a substantial and injurious effect or influence on the proceedings. *McNeil v. United States*, 72 F. Supp. 2d 801, 803 (N.D. Ohio 1999) (citing *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999)). In order to prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Non-constitutional errors are generally not cognizable on collateral review. *McNeil*, 72 F. Supp. 2d at 805 (citing *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996)). Accordingly, courts rarely grant relief with respect to non-constitutional errors. *Grant*, 72 F.3d at 506.

A guilty plea by a petitioner "'forecloses his ability to raise any constitutional claims arising prior to its entry.'" *McNeil*, 72 F. Supp. 2d at 808 (quoting *Lane v. United States*, 65 F. Supp. 2d 587, 589 (E.D. Mich. 1999)). When a petitioner seeks to challenge his sentence, the inquiry focuses on whether the petitioner made a voluntary and informed plea, not on whether a constitutional infirmity existed prior to the plea. *Tollett v. Henderson*, 411 U.S. 258, 266 (1973). A guilty plea by the petitioner acts as a break in the chain of events in criminal proceedings. *Id*. at 267. Once a criminal defendant admits in open court that he is guilty of the charged offenses, the only avenue available for him to attack his guilty plea is to prove the ineffective assistance of his counsel. *Id.*

### III. Legal Analysis

#### A. Timeliness

Petitioner's motion was filed on July 18, 2016. Respondent argues that Petitioner's motion should be dismissed, because it needed to be filed prior to July 6, 2016. Under the mailbox rule, a petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner states that her motion was placed in the prison mailbox on July 1, 2016 and therefore timely. Doc. 56. The Court will accept Petitioner's statement as true and review the motion on its merits. Respondent's motion to dismiss is DENIED.

#### B. Grounds 1-7, 9, 11-15, 18-22, and 24-28: Ineffective Assistance of Counsel

Petitioner's grounds one through seven, nine, 11-15, 18-22, and 24-28 all generally state claims for ineffective assistance of counsel, and most reference her claim to have a mental disability. In *Strickland v. Washington*, the Supreme Court established the requirements for an ineffective assistance of counsel claim: i.e. Petitioner must demonstrate both (1) deficient

performance by counsel and (2) prejudice resulting from the inadequate performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance by counsel, Petitioner must show her "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* In attempting to establish her attorney's deficient performance, Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688-687. A reviewing court must ensure "every effort is made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. The reviewing court must also "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Id.*

An error by counsel, even if professionally unreasonable, does not warrant setting aside judgment in a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691. Petitioner must also satisfy the second prong by proving the deficient performance prejudiced the defense. This requires showing counsel's errors were so serious as to deprive Petitioner of a fair trial with a reliable result. *Id.* at 687. When a defendant challenges his sentence on the grounds of ineffective assistance of counsel, a court asks whether there is a reasonable probability, absent the errors, that the court would have sentenced Petitioner differently. *See Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Strickland*, 466 U.S. at 694).

In evaluating whether the errors of counsel violated the petitioner's Sixth Amendment right, the Court should focus on whether the adversarial process broke down, affecting the fundamental fairness of the trial and the reliability of the result. *Strickland*, 466 U.S. at 696. Bare

allegations of ineffectiveness are insufficient. Before a hearing can be held, "the petition must be accompanied by a detailed and specific affidavit which shows the petitioner has *actual proof* of the allegations going beyond mere unsupported assertions." *Barry v. United States*, 528 F.2d 1094, 1101 (7th Cir. 1976) (emphasis added).

Here, Petitioner generally alleges that her attorney prejudiced the court against her and failed to meaningfully represent her throughout the judicial process. Her claims include failing to investigate her case, failing to advance mental competency defenses, and making false promises of probation. However, the transcript of the plea colloquy states the following:

> THE COURT: Have you received a copy of the indictment that sets forth the charge against you in this case?
> THE DEFENDANT: Yes, sir.
> THE COURT: Have you had the time to review it and it discuss with Mr. Bryan?
> THE DEFENDANT: Yes, sir.
> THE COURT: Do you understand the nature of the charge against you in this matter?
> THE DEFENDANT: Yes, sir.
> THE COURT: Have you had all the time you've needed with Mr. Bryan to discuss your case and all the matters related thereto?
> THE DEFENDANT: Yes, sir.
> THE COURT: Are you satisfied so far with his advice, his representation of you in this case?
> THE DEFENDANT: Yes, sir.

Doc. 30. Petitioner did not request additional time to discuss case matters with defense counsel and stated that she was satisfied with his service. She also represented to this Court that her plea was not based on promises or coercion during her change of plea hearing. Doc. 30. Petitioner does not argue that, but for counsel's actions, she would have gone to trial rather than enter a guilty plea. Further, Petitioner does not demonstrate how she was prejudiced by the alleged inadequate performance.

In Ground 18 alone, Petitioner claims ineffective assistance of appellate counsel, stating that the "appellate attorney and appellate court failed to object to the District Court's… failure to request professional corroboration on the defendant's mental state…." Doc. 47-1. Defendant does not explain how she was prejudiced by this alleged inadequate performance and points to no evidence that would support a finding that she did not know the wrongfulness of her actions due to mental disease or defect.

Petitioner's grounds 1-7, 9, 11-15, 18-22, and 24-28 are without merit.

### C. Ground 8: Inappropriate Acceptance of Guilty Plea by the Court

Petitioner next charges the Court with denial of due process. She states that "[t]he court accepted a guilty plea from Defendant when it was unknown whether she was mentally challenged and/or incompetent." Doc. 47-1.

Because Petitioner pled guilty in open court, she may only attack her guilty plea by proving ineffective assistance of counsel. *Tollett v. Henderson*, 411 U.S. at 267. Petitioner's eighth ground is not related to an ineffective assistance of counsel claim. Furthermore, during the plea colloquy, the Court questioned Petitioner as to her understanding of the plea, the evidence Respondent could have presented at trial, and the rights she was waiving. By pleading guilty after the examination the Court determined that she was able to understand her plea and the rights she was waiving and accepted her guilty plea. Thus, the Court did conduct an examination to ensure Petitioner was fully aware and understood the consequences of her plea. Doc. 30. ("THE COURT: Thank you, ma'am. I'll make a finding in this case that Ms. Brooks is fully competent and capable of entering an informed plea, her plea of guilty is a knowing and

6

voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. I will now adjudge her guilty of this offense.").[1]

Petitioner's eighth ground for relief is without merit.

### D. Ground 10: Conflict in Representation

Petitioner states that: "Knowing that the defendant he was representing received disability benefits based on mental condition, the failure to investigate the mental condition, obtain psychiatric corroboration, and medical records, there was a conflict in representation." Doc. 47-1. This claim marginally references ineffective assistance of counsel but fails to explain how counsel was conflicted or how the Petitioner was prejudiced by her attorney's representation.

Petitioner's tenth ground for relief is without merit.

### E. Ground 16: Prosecutorial Failure to Disclose

Petitioner claims the "[p]rosecutor failed to disclose any favorable or unfavorable evidence about Defendant's case." Defense counsel requested discovery information on March 27, 2014 prior to Petitioner's guilty plea. Doc. 5. Petitioner stated during the plea colloquy that she had ample time to review her case and that she was satisfied with defense counsel's services. Doc. 30. Now, in her motion to vacate, Petitioner fails to explain how she was prejudiced or how her counsel was ineffective.

Petitioner's sixteenth ground for relief is without merit.

---

[1] The Court notes that Petitioner's claims of mental deficiency are belied by her reasoned and articulate arguments that are far beyond most *pro se* filings. Additionally, Petitioner included over 30 pages of legal research that would indicate she understands the claims at issue and the legal process – contrary to her claims of diminished capacity. However, the issue of whether Petitioner actually has a mental deficiency are not before this Court at this time. Therefore, the Court makes no findings or further analysis on this issue.

### F. Ground 17: Court Denied Effective Assistance of Counsel

Petitioner states that "Judge Adams denied Defendant effective assistance of counsel and a fair hearing." Doc. 47-1. Petitioner claims that "[i]t was clear that Judge Adams' had made up his mind of Defendants' guilt at the initiation of the hearing. At the onset of the hearing Judge Adams asked openly what took so long for this case to get here! The defense counsel was so intimidated by Judge Adams he gave no response openly to the question." Doc. 47-1 (sic throughout). Petitioner further states that "Judge Adams moved through the proceedings without conferring with the defense counsel on my behalf." Doc. 47-1.

Again, this ground marginally argues ineffective assistance of counsel as well as due process deprivations by this Court. Petitioner stated in the plea colloquy that she had sufficient time to confer with her counsel. Furthermore the Court is prohibited from conferring with defense counsel separately in *ex parte* communications. Thus, Petitioner does not articulate how she was prejudiced by her attorney's performance nor does she point to any error on behalf of the Court.

Petitioner's seventeenth ground for relief is without merit.

### G. Ground 23: Unknowing and Involuntary Plea

Petitioner states that she "pleaded guilty unknowingly and involuntarily." Doc. 47-1. This ground is without merit.

During the plea colloquy, the Court clearly reviewed the rights Petitioner was waiving by entering her guilty plea and Petitioner asked no questions. Doc. 30. She stated that she understood that she was to interrupt the Court to ask questions. Doc. 30. After reviewing the plea agreement and the rights Petitioner was waiving, the Court asked: "Do you have any questions at all about any of the matters related to this plea?" Petitioner answered, "[n]o, sir." Doc. 30. The Court later

8

asked if Petitioner had any questions at all, to which Petitioner also answered, "[n]o, sir." Doc. 30. The Court accurately determined that she was entering her guilty plea knowingly.

The Court also asked the following during its plea colloquy:

> THE COURT: All right. Has anyone tried to force you, coerce you, or threaten you to enter this plea in any way?
> THE DEFENDANT: No, sir.
> THE COURT: Anyone made any promises to you about the sentence you might receive or things of that nature?
> THE DEFENDANT: No, sir.

Doc. 30. The Court asked Petitioner multiple times if she was voluntarily waiving her trial rights, to which Petitioner repeatedly replied, "[y]es, sir." Doc. 30. The Court accurately determined that she was entering her plea voluntarily.

Petitioner's twenty-third ground for relief is without merit.

## IV. Conclusion

For the foregoing reasons, Respondent's motion to dismiss is DENIED. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby DENIED. Doc. 47. Brooks has requested the appointment of counsel in ground 29. However, since an evidentiary hearing is unnecessary based on the record in this case and the appointment of counsel would not resuscitate Brooks' legal arguments.

The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

DATED: August 28, 2017    */s/ John R. Adams*_____
　　　　　　　　　　　　　　Judge John R. Adams
　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT